```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
```

In re:                                                              Case No. 17-16328-amc
Zakiya N Oglesby                                                    Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Virginia         Page 1 of 1          Date Rcvd: Dec 19, 2019
                        Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2019.
db             +Zakiya N Oglesby,    6136 Christian Street,    Philadelphia, PA 19143-2902

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2019 at the address(es) listed below:
      KENNETH E. WEST    on behalf of Debtor Zakiya N Oglesby dwabkty@aol.com, G6211@notify.cincompass.com
      KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) bkgroup@kmllawgroup.com
      LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
      MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) bkgroup@kmllawgroup.com
      REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association (Trustee for the Pennsylvania Housing Finance Agency) bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                                                                 TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Zakiya N. Oglesby<br>　　　　　Debtor | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION<br>(TRUSTEE FOR THE PENNSYLVANIA<br>HOUSING FINANCE AGENCY)<br>　　　　　Movant<br>vs. | NO. 17-16328 AMC |
| Zakiya N. Oglesby<br>　　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,844.40** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 2019 to September 2019 at $674.00/month |
| | October 2019 to December 2019 at $667.00/month |
| Suspense Balance: | June 2019 to November 2019 at $19.40/each |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,844.40** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). On or before December 31, 2019, the Debtor shall make a down payment in the amount of **$1,348.00;**.

　　b). Beginning on January 1, 2020 and continuing through June 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $667.00 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of $749.40 towards the arrearages on or before the last day of each month at the address below;

PENNSYLVANIA HOUSING FINANCE AGENCY
211 N. FRONT STREET
HARRISBURG, PA 17101

　　b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 9, 2019

By: /s/ *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: 12/10/19

Kenneth E. West, Esquire
Attorney for Debtor

Date: 12-11-19

William C. Miller, Esquire
Chapter 13 Trustee
No objection

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

**Date: December 19, 2019**

_____
Bankruptcy Judge
Ashely M. Chan